ANDREW P. WIRTH v. POSTAL TELEGRAPH CABLE CO.

WHEN INJUNCTION WILL NOT BE GRANTED TO PREVENT ADDITIONAL WIRES

A. brought suit in 1891 to enjoin the stringing of additional wires by a telegraph com-
pany upon a pole in the street in front of his premises.   The pole and eight wires
had been continuously used by the telegraph company for a period of nine years
prior to the purchase of the property by A. in 1890.   Held, A. has mistaken his remedy.
A court of equity will not entertain a suit for an injunction under such circumstances,
but will remit the plaintiff to his remedy at law.

On Appeal from the Court of Common Pleas of Cuyahoga county.

HALE, J.

The case of Andrew Wirth against the Postal Telegraph Cable Co. is before
the court on appeal.   I will not enter into an extensive discussion of the principles,
but will simply announce our conclusion.

It seems that in 1882 the defendant company was the owner of and operating a line of
telegraph from the city of New York west, the line passing through the village of Brooklyn
in this county.   At the time that the line was constructed in Brooklyn, the company obtained
the right from the village, so far as it could give the right, to put the line of telegraph along
Newburgh street, upon which the premises now owned by Wirth, the plaintiff, are located.
That permission was given by ordinance of the village, reserving certain rights to string
upon the poles that should be erected wires for the accommodation of the village in con-
nection with its fire department and police department, also to put wires for a public
telephone.   Whether anything of that kind has been done or not, I am not advised, but
that was in 1882.   These premises were then owned by a man by the name of James, and
he continued to be the owner for some six or seven years after the line was constructed.
The company having obtained the permission from the village to erect its line of telegraph
through this street, constructed the line in connection with the other poles thereof, and put
upon the poles some eight wires, and it was operated for nine years prior to the bringing
of this suit in connection with the balance of its lines.   James conveyed the premises to the
plaintiff Wirth, and about the time this suit was instituted the company were proceeding
to erect in place of poles that stood upon the premises, one in front of the premises of the
plaintiff—to change it for another pole, and to string additional wires upon the pole to be
erected, or upon the pole that was then there, and they have since strung five wires upon the
pole then standing in front of these premises.

The petition alleges, that "heretofore the said defendant has placed poles and. strung
wires thereon along said street, and in front of said plaintiff's premises, all of which was
done without authority and without appropriating the right so to do, or paying compensa-
tion to the plaintiff for the property owned or the damage thereby sustained, but the same

was submitted to by this plaintiff to avoid expensive litigation." The allegation is that the poles originally were put up there, and the wires strung without authority.

The answer alleges: "The defendant further states that for the past nine years it has continuously kept, maintained and operated its line of telegraph and its line of telegraph poles and wires along said Newburgh street in said village of Brooklyn and state of Ohio, and in front of said premises of the plaintiff described in said petition, and that its said line of telegraph wires and poles have been constantly located and maintained by the defendant upon said premises, and in front of said lot of the said plaintiff, as the same are now located during said period of time, with the full knowledge and acquiescence of said plaintiff, and without any objection or suggestion of objection from him or his grantor."

Now, there is no proof, so far as I can find in the testimony one way or the other, as to how, and under what right, this telegraph line was erected in front of the premises. There is the allegation on the part of the plaintiff that it was done without authority or without appropriation, which is denied by the defendant, who says it was with the full acquiescence of the then owner of the land.

There is this fact that to me has significance. The plaintiff is not seeking to attack the right to maintain that line in front of these premises; he concedes by the relief he asks, and by his allegations, that they might go on using the pole that is up there, and the wires that are now strung, but he seeks the interposition of a court of equity to prevent the renewal of that pole or the stringing of other wires. That is just about what there is of it. Here was a right of way that it does not appear whether it was rightfully or wrongfully obtained, whether this occupancy is rightful or wrong, but that it has been in operation for nine years as a part of a general system extending from New York to Chicago, and they seek now, instead of attacking the right to maintain any wires there or any poles, or seeking to make them appropriate the right of way, or to recover any relief because the whole thing is wrong, they simply stand upon the ground that, although the pole and the wires now strung as a part of this system or right of way may be maintained, you cannot string and must not string other wires; and they desire a court of equity to take cognizance of this, and grant an injunction upon that ground.

Now, we do not think it is a case for a court of equity to interfere. If this party has any complaint as to the right of way of this company *in toto*, and seeks to make them appropriate any rights they are using of his, or seeks to call them to an account for damages done to his property, then we think he should be left to that remedy, and we do not undertake to say he has no such remedy; but what we do undertake to say is, that this trifling difference between eight wires and thirteen, is not a case that a court of equity is called upon to prevent, and that is all I need to say about it.

The decree will be dismissing the petition.

Webster & Angell, for plaintiff in error.

**Chas. L. Selzer and M. W. Cope, for defendant in error.**